UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY SHUFFORD,

    Plaintiff,

Case No. 2:25-cv-13864

HONORABLE STEPHEN J. MURPHY, III

v.

DOLGENCORP, INC.,

    Defendant.

_____/

**ORDER GRANTING MOTION TO REMAND [2]**

After an accident at a Dollar General store, Plaintiff Mary Shufford sued Defendant Dolgencorp, Inc. for negligence. ECF No. 1-1. Shufford's shopping cart had a pole sticking out as a theft-prevention mechanism. *Id.* at PageID.15. While Shufford was shopping, the pole from her cart allegedly hit a metal hanger that caused "objects" to fall on her head. *Id.* at PageID.15. After Shufford filed suit in state court, Dolgencorp removed the case to federal court and asserted federal subject matter jurisdiction under 28 U.S.C. § 1332. ECF No. 1, PageID.5. In response, Shufford moved to remand based on the amount-in-controversy requirement. ECF No. 2. For the reasons below, the Court will grant the motion.

Section 1332(a) provides jurisdiction if the parties are "completely diverse"—that is, if no plaintiff is from the same state as any defendant, *see* 13E *Wright & Miller's Federal Practice & Procedure* § 3605 (3d ed. 2025)—and the amount in controversy exceeds $75,000. The Court assesses the amount-in-controversy requirement at the time that the complaint is removed to federal court. *Ahearn v.*

1

*Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). If a plaintiff alleges only an "*unspecified* amount that is not self-evidently greater or less than" $75,000,[1] then the defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated in part on other grounds by, Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The defendant's burden does not require proof of the amount in controversy to a legal certainty, but it may require the defendant "to research, state and prove the plaintiff's claim for damages." *Id.* at 159.

Here, to carry its burden, Dolgencorp cited Shufford's non-specific injuries from the complaint. ECF No. 1, PageID.6. Shufford alleged that she "sustained severe injury to her head, neck, upper extremities, and soft tissues, as well as other injuries which may come to light throughout discovery." ECF No. 1-1, PageID.17. She also noted a laundry list of other injuries: "past, present, and future medical expenses, pain and suffering, embarrassment, humiliation, loss of enjoyment of life, past[,] present, and future." *Id.* Nowhere, however, did Shufford provide any details about the "objects" that supposedly fell on her head or the physical injury that she suffered. Though she seeks medical expenses, Shufford did not allege that she ever went to the hospital for her "severe injury."

---

[1] The Michigan Court Rules do not allow plaintiffs to request a specific amount in cases when the amount claimed is not a sum certain. Instead, plaintiffs must plead that the amount exceeds $25,000 and show that the claim is greater than $25,000 by allegations. Mich. Ct. R. 2.111(B)(2); *see also* 28 U.S.C. § 1446(c)(2)(A)(ii).

2

Courts routinely express skepticism about the value of nondescript, quasi-boilerplate allegations of injuries to satisfy the amount in controversy. *See, e.g.*, *Gardner v. Wal-Mart Stores E., LP*, No. 2:25-cv-13162, 2025 WL 3218284, at *1 (E.D. Mich. Nov. 18, 2025) (Murphy, J); *Varlesi v. Wal-Mart Stores, Inc.*, No. 25-cv-10039, ECF No. 4, PageID.48 (E.D. Mich. Jan. 23, 2025) (Murphy, J.); *Hollowell v. Dematic Corp.*, No. 5:21-cv-00156, 2022 WL 178593, at *3 (W.D. Ky. Jan. 19, 2022) (quotation omitted) ("Bare allegations requiring speculation regarding actual damages without a specific monetary amount claimed is insufficient to establish the amount in controversy requirement."); *Bonnet v. Roig*, No. 19-cv-5397, 2019 WL 5291207, at *2 (E.D.N.Y. Oct. 18, 2019); *Valente v. Garrison From Harrison LLC*, No. 15-cv-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016); *Porter v. Kroger Co.*, No. 09-cv-401, 2009 WL 1513169, at *2 (S.D. Ill. May 29, 2009). Shufford's vague allegations do not provide sufficient detail to determine that it is more likely than not that the amount in controversy exceeds $75,000.

Moreover, when faced with detailed allegations from similar or more severe accidents, courts have determined that the amount-in-controversy requirement was not met. For example, in *Giffin v. Runyons*, No. 11-146, 2011 WL 5025074 (E.D. Ky. Oct. 21, 2011) (Thapar, J.), the plaintiff fell off a roof, and he allegedly suffered a broken arm, pain and suffering, and "irreparable and permanent damage to his arm, neck, back, head, and other parts of his body," in addition to $25,000 in lost wages and unpaid medical bills. *Id.* at *1–2. The court there, despite having decidedly more detail, concluded that the defendant failed to show that the amount-in-controversy

3

requirement was met. *Id.* at *4; *see also Varlesi*, No. 25-cv-10039, ECF No. 4, PageID.47 (remanding despite allegations of a broken arm, "[i]njuries to and about the entire musculoskeletal system and sequelae," "[v]arious and diverse injuries to the extremities," and "[a]ny and all other manner of internal and external injuries"); *Washington v. Racetrac Petrol., Inc.*, No. 6:16-cv-334, 2016 WL 2658162, at *1 (M.D. Fla. May 9, 2016) (remanding despite detailed allegations of "severe burns and significant disfigurement"); *Porter*, 2009 WL 1513169, at *2 (remanding despite allegations of a torn meniscus and unspecified lost wages).[2]

In support of keeping the case in federal court, Dolgencorp also offered a stipulated order capping damages at $75,000 that Shufford allegedly refused to sign. ECF No. 6, PageID.45; *see also* ECF No. 6-2, PageID.57. But a refusal to cap damages at $75,000 does not prove that the amount in controversy exceeds $75,000. *Abu-Joudeh v. Walmart Inc.,* No. 23-cv-11234, 2023 WL 4112224, at *1 (E.D. Mich. June 21, 2023) ("And Plaintiff's refusal to stipulate to limit his damages is not a sufficient basis for removal."); *Warren v. Mac's Convenience Stores, LLC*, No. 3:11-cv-00572, 2012 WL 5077669, at *4 (W.D. Ky. Oct. 18, 2012) (noting that a plaintiff's "refusal to stipulate that her damages are not less than $75,000.00 is not proof that such damages are in excess of $75,000.00"); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp.

---

[2] It is sometimes a good idea for defendants to conduct pre-removal discovery to establish the basis for diversity jurisdiction when the amount in controversy is ambiguous on the face of the complaint. *Giffin*, 2011 WL 5025074, at *4. A defendant may do so because, if a case is not removable solely based on the allegations in the pleadings, defendants may remove within thirty days of receiving a paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

4

2d 908, 917 (W.D. Mich. 2009) (noting that a refusal to stipulate "has no bearing on the propriety of removal"). Aside from pointing to the allegations in the complaint and Plaintiff's refusal to cap damages, Dolgencorp offered nothing else to carry its burden. The Court will therefore grant the motion to remand.

Finally, Shufford asked for reasonable costs and attorney fees. ECF No. 2, PageID.24. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The statute is permissive. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005) ("[W]e see nothing to persuade us that fees under § 1447(c) should either usually be granted or usually be denied."). As a result, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Because the Court cannot say that Dolgencorp lacked an objectively reasonable basis for removal, it will not award costs or fees.

It is axiomatic that the Court must resolve all doubts about federal jurisdiction in favor of remand. *Shamrock Oil Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Because Dolgencorp did not carry its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court will remand the case.[3]

---

[3] In support of remand, Shufford cited a letter to Dolgencorp's claim adjuster demanding just $67,500.00 for her injuries. ECF No. 2, PageID.24, 27. As with the damages cap document, the Court does not rely on the letter in finding that Dolgencorp failed to carry its burden.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to remand [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the Circuit Court for the County of Genessee.

This is a final order that closes the federal case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 22, 2025